IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARCO PHILLIPS, ) <br> # M23488, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. THOMAS BAKER, and ) <br> WEXFORD HEALTH SOURCES, INC., ) <br> ) <br> Defendants. ) | Case No. 18-CV-1897-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demarco Phillips, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), filed this *pro se* action asserting deliberate indifference claims against Dr. Thomas Baker (a physician at Western Illinois Correctional Center) and Wexford Health Sources, Inc. ("Wexford"). Specifically, Plaintiff alleges that Defendants failed to treat his hernia and associated symptoms when he was incarcerated at Western Illinois Correctional Center ("Western") and Danville Correctional Center ("Danville"). Plaintiff also claims that unspecified officials at Menard are currently failing to treat his hernia and associated symptoms. In connection with these claims, he seeks damages and a preliminary injunction directing officials at Menard to provide him with immediate medical treatment.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARCO PHILLIPS, ) <br> # M23488, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. THOMAS BAKER, and ) <br> WEXFORD HEALTH SOURCES, INC., ) <br> ) <br> Defendants. ) | Case No. 18-CV-1897-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demarco Phillips, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), filed this *pro se* action asserting deliberate indifference claims against Dr. Thomas Baker (a physician at Western Illinois Correctional Center) and Wexford Health Sources, Inc. ("Wexford"). Specifically, Plaintiff alleges that Defendants failed to treat his hernia and associated symptoms when he was incarcerated at Western Illinois Correctional Center ("Western") and Danville Correctional Center ("Danville"). Plaintiff also claims that unspecified officials at Menard are currently failing to treat his hernia and associated symptoms. In connection with these claims, he seeks damages and a preliminary injunction directing officials at Menard to provide him with immediate medical treatment.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must

dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Court must also determine whether misjoinder is an issue, and retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for which Plaintiff will be assessed a separate filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## FILING FEE

On October 15, 2018, the Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") and directed him to pay the filing fee within 30 days. (Doc. 7). Because Plaintiff seeks emergency injunctive relief, the Court will immediately screen the Complaint. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). However, Plaintiff must still meet his obligations regarding the filing fee; if he fails to pay the $400.00 filing fee on or before November 14, 2018, this action will be subject to dismissal for failure to comply with an Order of the Court. *See* FED. R. CIV. P. 41(b).

## THE COMPLAINT

Plaintiff makes the following allegations in the Complaint: Between 2014 and 2017, when Plaintiff was incarcerated at Western and Danville, Dr. Baker and Wexford failed to treat his painful hernia and associated symptoms. (Doc. 1, pp. 3-8). At an unspecified time between July 2017 and September 2018, Plaintiff was transferred to Menard. (Doc. 1, p. 8). Since being transferred to Menard, Plaintiff has not received necessary care for his hernia. (Doc. 1, pp. 8-9). The hernia cannot be pushed back into his abdomen, is extremely painful, has become strangulated, and is preventing him from having a bowel movement. *Id.* Plaintiff seeks injunctive relief and monetary damages. (Doc. 1, pp. 10-11).

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Baker and Wexford for exhibiting deliberate indifference to Plaintiff's serious medical condition (painful hernia and associated symptoms) when Plaintiff was incarcerated at Western and Danville.

**Count 2:** Eighth Amendment claim against Unknown Party for exhibiting deliberate indifference to Plaintiff's serious medical condition (painful hernia and associated symptoms) when Plaintiff was incarcerated at Menard.

### SEVERANCE

Counts 1 and 2 involve discretionary actions taken by different officials at different prisons and do not involve the same series of transactions and occurrences with questions of fact common to each of the defendants. Rather, the officials in question made independent judgments about Plaintiff's condition as it appeared to them at the time. As a result, these Counts are not properly joined in a single action. *See* FED. R. CIV. P. 20(a)(2); *George*, 507 F.3d at 607); 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978).

Accordingly, the Court exercises its authority under Rule 21 and severs the improperly joined claims as follows: Count 1 (directed against Dr. Baker and Wexford and pertaining to Plaintiff's incarceration at Western and Danville) will be severed into a separate action with a newly assigned case number. **Further, pursuant to 28 U.S.C. § 1404(a), the Clerk of the Court will be ordered to transfer the severed action to the United States District Court for the Central District of Illinois.** Count 2 (directed against Unknown Party and pertaining to Plaintiff's current incarceration at Menard) will remain in this action and will be subject to preliminary review

below.

## MERITS REVIEW UNDER § 1915(A) – COUNT 2

Plaintiff may have a colorable Eighth Amendment claim against one or more officials at Menard for exhibiting deliberate indifference to his painful hernia and related symptoms. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). However, Plaintiff fails to associate this claim with any particular defendant. The body of the Complaint suggests that a nurse may have been involved in denying or delaying Plaintiff's treatment. However, the nurse is not named as a defendant in the case caption, and no other Menard officials are identified as defendants.

Plaintiffs are required to associate specific defendants with specific claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Additionally, to be properly considered a party, an individual must be specified in the case caption. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Therefore, Count 2 will be dismissed for failure to state a claim upon which relief may be granted. However, Plaintiff will be given leave to amend so that he may name the relevant defendant(s). In the interim, the Clerk of the Court is **DIRECTED** to revise the docket to reflect that "Unknown Party" is the sole defendant in the instant action.

### Request for Injunctive Relief

In his request for relief, Plaintiff seeks a preliminary injunction ordering officials to provide him with specific medical care. Because the Complaint is being dismissed for failure to state a claim upon which relief may be granted, the request for injunctive relief is moot. If Plaintiff wishes to renew his request for a preliminary injunction or for some other form of injunctive relief, he is free to do so at any time after filing his amended complaint. Plaintiff is advised that a request for

immediate injunctive relief should be filed as a separate motion pursuant to Rule 65(a) or (b). The motion should indicate the exact form of relief Plaintiff seeks, the reasons he seeks said relief, and the factual allegations supporting his request.

Finally, out of an abundance of caution, the Court will provide the Warden of Menard with a copy of this Order to make the institution aware of Plaintiff's allegations pertaining to his need for immediate medical care.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.[1] Plaintiff has not disclosed sufficient information to allow the Court to determine whether he has made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has some high school education but lacks legal expertise. Nevertheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time. The Court will remain open to the appointment of counsel in the future.

### DISPOSITION

*Severance*

**IT IS HEREBY ORDERED** that **COUNT 1** directed against **BAKER** and **WEXFORD** is **SEVERED** into a new case. That new case shall be: Claim against **DR. THOMAS BAKER (M.D. Illinois State Prison Western Illinois Correctional Center)** and **WEXFORD HEALTH SOURCES, INC.**

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) The Complaint (Doc. 1);
(3) Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2);
(4) Plaintiff's Motion for Recruitment of Counsel (Doc. 3); and
(5) This Memorandum and Order.

**FURTHER,** once the newly severed action is opened, **the Clerk of the Court is ORDERED to transfer the action to the United States District court for the Central District of Illinois**.

**IT IS FURTHER ORDERED** that the <u>**only claim remaining in this action, is COUNT 2 directed against UNKNOWN PARTY**</u>.

*Merits Review Count 2*

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Further, Plaintiff's request for a preliminary injunction is **DENIED** as **MOOT**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before November 19, 2018. **Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions contained in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.** FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Also, Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and use the case number for this action (i.e. 18-cv-1897-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Court **DIRECTS** the Clerk of the Court to send the Warden of Menard a copy of this Order.

**IT IS SO ORDERED.**

**DATED: October 22, 2018**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**