# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMARCO PHILLIPS, ) <br> # M23488, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNKNOWN PARTY, ) <br> ) <br>       Defendant. ) | Case No. 18-CV-1897-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. On November 15, 2018, Plaintiff filed a Motion to Stay (Doc. 9), asking the Court to hold this case in abeyance until he finishes exhausting his administrative remedies. As is set forth more fully below, exhaustion of administrative remedies is a precondition to filing suit, and a stay of proceedings will not save Plaintiff's unexhausted claims. Accordingly, the Motion to Stay is **DENIED**, and because it is obvious that Plaintiff failed to exhaust before filing suit, the action is **DISMISSED** without prejudice.

### BACKGROUND

On October 10, 2018, Plaintiff Demarco Phillips, an inmate of the Illinois Department of Corrections currently housed at Menard Correctional Center ("Menard"), filed this *pro se* action claiming that prison officials were deliberately indifferent to his hernia when he was incarcerated at Western Illinois Correctional Center ("Western") and Danville Correctional Center ("Danville"). (Doc. 1). Plaintiff also claims that unspecified officials at Menard were not treating his hernia, and requests immediate injunctive relief. *Id.* Because Plaintiff was seeking

emergency medical care, the Court screened the Complaint prior to resolving pending issues pertaining to the filing fee. (Doc. 8, p. 2). *See Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680 (7th Cir. 2012).

As part of screening, the Court severed Plaintiff's claims related to Western and Danville. (Doc. 8). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The severed claims were then transferred to the United States District Court for the Central District of Illinois. (Doc. 8). Following severance, the only claim remaining in this action was a deliberate indifference claim directed against unspecified officials:

> **Count 2:** Eighth Amendment claim against Unknown Party for exhibiting deliberate indifference to Plaintiff's serious medical condition (painful hernia and associated symptoms) when Plaintiff was incarcerated at Menard.

(Doc. 8). However, Count 2 did not survive preliminary review, and the Complaint was dismissed without prejudice. *Id.*

Plaintiff was given until November 19, 2018 to file a First Amended Complaint. *Id.* On November 15, 2018, Plaintiff filed the subject motion asking the Court to stay this action while he exhausts his administrative remedies. (Doc. 9, pp. 1-2). More specifically, Plaintiff states that he is currently pursuing a grievance against the officials he intends to name with respect to Count 2, and as such, his claims against them are not exhausted.

Plaintiff's admission regarding exhaustion is consistent with allegations in the underlying Complaint. According to exhibits attached to the Complaint, On September 4, 2018, Plaintiff filed an emergency grievance pertaining to his hernia. (Doc. 1, p. 19). The Chief Administrative Officer ("CAO") deemed the grievance an emergency and expedited its processing. *Id.* On September 21, 2018, the grievance officer recommended that the grievance be denied in part and granted in part. (Doc. 1, p. 18). The CAO concurred with the grievance officer's

recommendation on September 28, 2018, and Plaintiff was advised that he had 30 days to appeal to the Director. *Id.* Finally, in the Complaint, Plaintiff states that the September 4, 2018 grievance is "still pending."

### DISCUSSION

"The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S.Ct. 1850, 1854-55 (2016) (citing 42 U.S.C. § 1997e(a)). The Supreme Court recently emphasized the mandatory nature of the exhaustion requirement in *Ross*, noting that aside from the statutory exception to the exhaustion requirement for when administrative remedies are unavailable, "the PLRA's text suggests no limits on an inmate's obligation to exhaust–irrespective of any 'special circumstances.'" *Id.* at 1856. Emphasizing the lack of discretion in this area, the Court explained that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

Exhaustion of administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the Complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Such is the case here. Plaintiff admits, both in his Complaint and in his Motion to Stay, that he has not fully exhausted his administrative remedies. Because the grievance procedure is plainly available to Plaintiff, no exceptions apply to absolve him of the exhaustion requirement. *See Ross*, 136 S.Ct. at 1856-60. As such, Plaintiff's filing of this lawsuit on October 10, 2018 was premature.

Finally, a stay of proceedings will not save Plaintiff's unexhausted claims. In *Ford v.*

*Johnson*, 362 F.3d 395, 398 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit explained that administrative remedies must be fully exhausted before a prisoner brings a case. A lawsuit must be dismissed, without prejudice, even if the prisoner exhausts his administrative remedies during its pendency. *Id*. Thus, Plaintiff's attempt to exhaust available administrative remedies in the midst of this litigation is insufficient.

For the above-stated reasons, this action is subject to dismissal pursuant to § 1915A, and the Motion to Stay will be denied without prejudice to Plaintiff re-filing his claim once he completes the administrative appeal process. Alternatively, the action may be re-filed once Plaintiff is no longer "confined in any jail, prison, or other correctional facility" and thus not subject to the restriction contained in 42 U.S.C. § 1997e(a). Nothing herein shall be construed as an opinion on the ultimate merits of the claim.

### FILING FEE

On October 15, 2018, the Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") and directed him to pay the full filing fee on or before November 14, 2018. (Doc. 7).[1] In his Motion to Stay, Plaintiff claims that he paid the $400.00 filing fee. However, the Court has received no such payment. Plaintiff was warned that failure to pay the filing fee would result in dismissal of this action for failure to comply with an Order of the Court. (Docs. 7 and 8). Accordingly, even if exhaustion were not in issue, this action would be subject to dismissal for failure to comply with an Order of the Court. *See* FED. R. CIV. P. 41(b).

### DISPOSITION

**IT IS HEREBY ORDERED** that the Motion to Stay is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to

---

[1] As previously noted, because Plaintiff sought emergency injunctive relief, the Court immediately screened the Complaint. *See Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680 (7th Cir. 2012).

Plaintiff filing a new lawsuit, but only after he has exhausted his administrative remedies. Alternatively, the action may be re-filed once Plaintiff is no longer "confined in any jail, prison, or other correctional facility" and thus not subject to the restriction contained in 42 U.S.C. § 1997e(a). Nothing herein shall be construed as an opinion on the ultimate merits of the claim.

This shall not count as a strike pursuant to 28 U.S.C. § 1915(g). *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) ("The dismissal of an action for failure to exhaust . . . does not incur a strike.").

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(a). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and to enter judgment accordingly**.**

**IT IS SO ORDERED.**

**DATED: November 28, 2018**

                                                           s/ STACI M. YANDLE
                                                           United States District Judge